# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LEE FRANK WILSON ,<br><br>    Defendant. | Case No. 2:11-CR-00271-KJD-CWH<br><br>**ORDER** |

   Presently before the Court is Defendant's Motion in Limine (#34) which seeks to exclude evidence that Christian Thomas Jr., aka Lil Nate, was shot around the same time as the occurrence of the events leading to the filing of charges in this case. The Government has filed its Response (#43).

   The Motion seeks exclusion based upon Federal Rules of Evidence 401 (lack of relevance), 403 (undue prejudice) and 404(b) (other act evidence).

   During the emergency call to police, Lil Nate was initially identified as the person possessing a firearm in front of the residence at 2621 Sommer Court, North Las Vegas, Nevada.  The caller later stated that as the person came closer to the residence, she realized the person to be Lee Mack, the Defendant in this case.  There can be no doubt that identification will be a major issue in this case. Defendant has submitted  proposed voir dire questions all of which deal with identification. It is conceded that Lil Nate had been shot and could not have been the person in front of the residence.

That evidence is clearly relevant to the issue of identification.  The probative value of the evidence substantially outweighs the remote possibility that the jury may assume the incidents are somehow related. Even if that were to occur, the evidence would remain admissible because the probative value clearly outweighs any possible prejudicial impact.

Rule 404(b) has no application to the evidence. Rule 404 deals with the use of character evidence to prove conduct. It is applies only when evidence of a person's character is offered for the purpose of proving that he (the accused) acted in conformity therewith on a particular occasion. Lil Nate's shooting is not offered as evidence of another act of the Defendant, only to prove that Lil Nate is not the person who possessed a firearm in front of the residence at 2621 Sommer Court, North Las Vegas, Nevada on the night of July 3, 2011.  Even if Rule 404 were somehow deemed to apply, the evidence would still be admissible to show identity.  Fed.R. Evid. 404(b)(2).

Defendant's Motion in Limine (#34) is **DENIED**.

DATED this 9th day of March 2012.

_____
Kent J. Dawson
United States District Judge

2